hAMY, Judge.
An insured brought an action against its insurer for refusal of coverage pursuant to the insurance policy. The trial court denied the insurer’s peremptory exception of no right or no cause of action. Judgment was awarded to the insured. The insurer appeals alleging that the claim should have been barred by a contractual time limitation or, alternatively, that the insured failed to give prompt notice of the loss as required in the coverage form. For the following reasons, we reverse.
Factual and Procedural Background
The parties entered into a joint stipulation of facts that was presented to the trial court for consideration. In December of 1995, the plaintiff, Byles, entered into a rental agreement with Roy P. Lindsey, in which the object of the agreement was a Ranger F 666 Skidder. The term of the agreement was $150.00 per day rental fee and these rental payments were to be applied toward the purchase price of the skidder. The skidder was delivered, by Byles to Mr. Lindsey, at a job site in December of 1995. ' Mr. Lindsey never made any payments toward the purchase price of the skidder and failed to return the skidder despite several demands by Byles.
Byles filed suit against Mr. Lindsey on May 12, 1997. The petition sought payment for the sale and delivery of equipment to Mr. Lindsey. Byles obtained judgment against Mr. Lindsey on June 12, 1997, in the amount of $65,896.51, the amount owed for the skidder, plus legal interest and attorney’s fees in the sum of $16,474.12. According to the record, neither Mr. Lindsey, nor any representative, was present at these proceedings. There is no indication from the record as to whether payment was made on the judgment.
A Byles employee discovered the skid-der, in a damaged and stripped condition, while seizing equipment for Sabine State Bank on July 21, 1998. Byles subsequently ^contacted the police and the Louisiana Agricultural Investigative Department, who then made a case file report. Byles informed Federated Mutual Insurance Company, their insurer, and the defendant in the present case, of the loss on December 8,1998.
The policy covering the skidder was in effect from July 1, 1995, through July 1, 1996. After investigating the claim, Fed *591 erated denied coverage. Therefore, Byles and Agri Credit, Inc., the lien holder of the skidder, filed a lawsuit against Federated on April 6, 2000, seeking payment for the loss of the skidder. The parties stipulated that thé amount of damage to the skidder was $65,896.51. Federated filed peremptory, exceptions of no right and no cause of action, however, these exceptions were denied by the trial court. Furthermore, the trial court found in favor of the plaintiffs ordering Federated to pay $65,896.51 plus legal interest and all costs of the proceedings.
Federated now appeals alleging that the plaintiffs’ action is barred because the contractual time limit has expired or, alternatively, that the plaintiffs failed to meet the requirement of prompt notice as set forth in the insurance contract.
Discussion

Date of Loss

We first turn to consideration of Federated’s assertion that the plaintiffs action is barred by the time limit defined within the insurance contract. Although the plaintiff urges this court to consider principles of prescription and the doctrine of contra non valentem, this matter is resolved simply by a review of the contractual terms in light of the factual background. The pertinent part of the insurance policy concerning coverage of a loss states:
UXXII. LEGAL ACTION AGAINST US
No one may bring a legal action against us under this Coverage Form unless:
A. There has been full compliance with all the terms of this Coverage Form;
B. The action is brought within 2 years after you first have knowledge of the “loss”
[[Image here]]
E. DEFINITIONS
1. “Loss” means direct physical loss or damage.
As stated above, both parties agree to the dates of the relevant occurrences. However, they disagree as to the date of the “loss”, which is important to the two-year contractual limit. Federated argues that the date of the loss is June 12, 1997, the date when Byles received a judgment against Mr. Lindsey for the price of the skidder. Conversely, Byles argues that the calculation of the time limit should begin July 21, 1998, when it discovered the physical damage to the skidder. Legal action was taken with the filing of the present suit on April 6, 2000.
In reviewing the judgment, we note that the trial judge merely ruled that the two-year time period had not expired, without assigning a specific date of loss. However, the trial judge did adopt the reasoning as found in the plaintiffs memorandum in opposition to defendant’s peremptory exceptions. In the memorandum, the plaintiff reasons that:
... Byles did not have knowledge of this loss until July 21, 1998. According to the definitional section of the insurance policy in question, “loss means direct physical loss or damage.” (See Exhibit B) Byles did not experience any physical loss or damage until the skidder was found by Byles’ employees in Jefferson Davis Parish near Jennings, Louisiana. | ¿Until this point in time Byles had no knowledge of any physical loss or damage.
Thus, we will review the trial court’s factual findings under the standard of manifest error. Daye v. General Motors Corp., 97-1653 (La.9/9/98); 720 So.2d 654.
Although, in the present case, Byles attempts to classify its original relationship with Mr. Lindsey as a rental agreement, it is clear from the petition instituting the matter that payment for the skidder was *592 sought. The petition instituting the action against Mr. Lindsey states, in part:
2.
Defendant is indebted unto your petitioner in the full sum of SIXTY FIVE THOUSAND EIGHT HUNDRED NINETY SIX AND 51/100 ($65,896.51) DOLLARS, together with legal interest thereon from the date of judicial demand until paid, 25% attorney fees upon the total amount due, and for all costs of this proceeding, for the following reasons:
3.
Petitioner sold and delivered to defendant equipment on the dates and for the prices shown on the itemized statement of account attached as an exhibit.
4.
The defendant has made no payments toward the amount owed of Sixty Five Thousand Eight Hundred Ninety Six and 51/100 (65,896.51) Dollars, despite repeated demands for payment.
Again, the present petition was filed on April 6, 2000. Judgment was rendered in the amount of $65,896.51 plus legal interest and all costs of the proceedings, the exact same judgment amount as was rendered against Mr. Lindsey.
Byles filed a petition against Mr. Lindsey, essentially claiming a loss, and then received a judgment. It is clear that at some point during the eighteen-month period between delivery of the skidder and the judgment, Byles had knowledge of its loss. Notwithstanding the allegations of the petition, which were presumably preceded by | [¡some type of knowledge, the date of the June 12, 1997 judgment should be seen as the last possible date on which Byles knew or should have known of the loss. To find that Byles did not know nor should have known of any loss until the damaged skidder was actually located, ignores its previous actions and assertions before the court. Such a position further ignores the court’s acknowledgment of the loss in rendering judgment against Mr. Lindsey. Clearly, neither the petition would have been filed nor judgment entered without knowledge of physical loss or damage. Indeed, this appears to be the very subject matter of the $65,896.51 judgment rendered, against Mr. Lindsey, by the court on June 12, 1997. Accordingly, we find that at the latest the plaintiff had knowledge of the loss on June 12, 1997, and legal action was commenced more than two years after this date. Thus, we find that the trial court erred by concluding that suit was timely under the contract at issue and by finding no merit in the defendant’s affirmative defense. Therefore, this matter is untimely and the judgment of the trial court awarding damages to the plaintiffs in the amount of $65,896.51 plus legal interest and the cost of the proceedings must be reversed.

Prompt Notice

Federated also argues that Byles failed to satisfy the requirement of prompt notice of loss as required by the insurance agreement. However, because we find that the contractual time limit in which to bring suit has expired, we decline to review the issue of prompt notice.
DECREE
For the foregoing reasons, the judgment entered in favor of the plaintiffs is reversed and judgment is hearby entered in favor of the defendant, Federated Mutual Insurance Company, dismissing plaintiffs’ demands with full prejudice. All costs of | ¿these proceedings are assessed against the plaintiffs, Byles Welding & Tractor Co., Inc. and Agri Credit, Inc.
REVERSED AND RENDERED.